Hearing Date: _____
Time: _____
Judge/Calendar: _____

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF THURSTON

| | |
|---|---|
| MICHAEL J. McKENNA and DARLA M. McKENNA, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., a foreign profit corporation,<br><br>Defendant. | No.   20-4-02498-34<br><br>COMPLAINT FOR DAMAGES |

COME NOW the Plaintiffs, MICHAEL J. McKENNA and DARLA M. McKENNA, husband and wife,, by and through their attorney, C. Scott Kee of Rodgers Kee Card & Strophy, P.S., and allege and aver as follows.

## I. PARTIES

1.1   Plaintiff, MICHAEL J. McKENNA (hereinafter "McKenna" or "Plaintiff"), at all times material hereto was a resident of Tumwater, Thurston County, Washington.

1.2   Plaintiff, DARLA M. McKENNA at all times material hereto was married to Michael J. McKenna and a resident of Tumwater, Thurston County, Washington.

COMPLAINT FOR DAMAGES - 1        20181252802

RODGERS KEE CARD & STROPHY, P.S.
ATTORNEYS AT LAW
324 West Bay Drive NW, Suite 201
Olympia, Washington 98502
(360) 352-8311, FAX: (360) 352-8501

1.3     Defendant, HOME DEPOT U.S.A., INC. (hereinafter "Home Depot" or "Defendant"), is a foreign profit corporation doing business in the State of Washington.

1.4     Jurisdiction and venue are appropriate in Thurston County Superior Court.

## II. FACTS

2.1     On December 18, 2018, McKenna was a customer and business invitee at the Home Depot store located at 1101 Kingswood Drive SW, Tumwater, Washington.

2.2     McKenna was shopping for a certain type of ladder and located the ladder display, which was so full of ladders that they were standing nearly upright rather than at an angle.

2.3     There was no safety chain or cable, or any other "guard" device to prevent the displayed ladders, some of which were 22 feet tall, from toppling forward. There was no sign warning customers not to select and retrieve their desired product from the display, or to ask an attendant for assistance.

2.4     As McKenna searched the display for the particular ladder he wanted, several of the stacked ladders began to tip forward toward him.

2.5     McKenna was able to grab and brace the ladders to keep them from tipping forward onto him, but in the process of doing so he injured his head, right hand/wrist, neck, and shoulders.

2.6     Home Depot's failure to maintain its product displays in a manner that was safe for its customers to browse and select their merchandise constitutes negligence.

2.7     Home Depot's failure to warn its customers of a potentially dangerous condition constitutes negligence.

## III. CLAIM FOR RELIEF

3.1     The actions and omissions of Defendant, Home Depot U.S.A., Inc., constitute negligence.

COMPLAINT FOR DAMAGES - 2

RODGERS KEE CARD & STROPHY, P.S.
ATTORNEYS AT LAW
324 West Bay Drive NW, Suite 201
Olympia, Washington 98502
(360) 352-8311, FAX: (360) 352-8501

3.2    As a proximate result of Home Depot's negligence, McKenna suffered bodily injuries, incurred medical expenses, lost earning capacity and was damaged thereby, all in amounts to be proven at trial.

3.3    As a proximate result of Home Depot's negligence and the injuries to her husband, Plaintiff Darla McKenna suffered from loss of consortium in amounts to be proven at trial.

## IV.  PRAYER FOR RELIEF

Plaintiffs, Michael J. McKenna and Darla M. McKenna, having fully stated their Complaint for Damages against the Defendant, pray for judgment as follows:

4.1    For special damages in amounts to be proved at trial;

4.2    For general damages in amounts to be proved at trial;

4.3    For reasonable attorneys' fees and costs; and

4.4    For such other relief as the court deems just and equitable.

DATED this 22nd day of December, 2020.

RODGERS KEE CARD & STROPHY, P.S.
Attorneys for Plaintiffs


_/s/   C. Scott Kee_____
By: C. SCOTT KEE, WSB #28173

COMPLAINT FOR DAMAGES - 3