THE HONORABLE JUDGE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

MICHAEL J McKENNA and DARLA M.
McKENNA, husband and wife,

                    Plaintiffs,

v.

HOME DEPOT U.S.A.,INC., a foreign profit
corporation,

                    Defendants.

CAUSE NO. 3:21-CV-05038-MJP

STIPULATED MOTION TO CONTINUE
TRIAL DATE AND AMEND THE CASE
SCHEDULE

NOTING ON MOTION CALENDAR:
SEPTEMBER 23, 2021

*[CLERKS' ACTION REQUIRED]*

## I.     **STIPULATED MOTION**

Pursuant to LR 7(d)(2), Plaintiffs Michael J. McKenna and Darla M. McKenna (hereinafter "Plaintiffs") and Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant"), by and through their respective counsel of record, hereby move this Court to continue the trial date in the above-captioned matter for approximately three months, and to amend the order setting pretrial deadlines in accordance with the continued trial date.  There remains outstanding discovery to conduct in this matter, which cannot be completed by the November 26, 2021 discovery completion deadline.  This is primarily due to the unexpected circumstances

STIPULATED MOTION TO CONTINUE TRIAL DATE AND
AMEND THE CASE SCHEDULE
(CAUSE NO. 3:21-CV-05038-MJP)- Page 1

surrounding COVID-19 and the associated delay with obtaining medical records. Therefore, a continuance is required to allow for the completion of necessary discovery and to engage in meaningful alternative dispute resolution.

## II.   FACTS AND PROCEDURAL HISTORY

Plaintiffs brought this action for damages arising out of a personal injury at a Home Depot store.  The Order Setting Trial Date & Related Dates was signed on March 30, 2021, setting the trial date for April 25, 2022 and the discovery cutoff for November 26, 2021.[1]  There have been no previous motions for continuance of the trial of this matter.

The parties encountered a circumstance in discovery that thwarted their efforts to complete discovery by the November 26, 2021 deadline.  Since the Court issued the Order Setting Trial Date & Related Dates on March 30, 2021, Mr. McKenna underwent a second surgery to remove hardware that had been left in his shoulder following the first surgery.  This surgery took place on April 14, 2021.  Thus, the medical records for such procedure were only recently obtained by the parties.  Further, on September 9, 2021, the parties received an invoice from U.S. Legal for collection of  X-ray films from Capital Medical Center that the parties are still expecting.  Generally once an invoice is received the records can be expected within the next 30 days.  These records were requested on June 10, 2021.

Likewise, even though Mr. McKenna executed stipulations in February 2021 to obtain his employment records, the parties are still waiting to obtain the vast majority of these records.

Per the case schedule, the parties are required to disclose their expert opinions by September 27, 2021.  This is not feasable considering that not all of the medical and employment

---

[1] *Dkt.* at 10.

STIPULATED MOTION TO CONTINUE TRIAL DATE AND
AMEND THE CASE SCHEDULE
(CAUSE NO. 3:21-CV-05038-MJP)- Page 2

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

records have been received.  In order for both parties' experts to render  opinions regarding Mr. McKenna's condition, they need to be able to review all of the medical records, including X-rays, which we have yet to receive.  Once the parties' experts have provided medical opinions, a vocational rehabilation specialist and/or economist will rely upon such opinions to formulate their own opinions regarding any kind of potential economoc loss.  Given the information that is outstanding, the parties request a short continuance to ensure all necessary records are obtained prior to depositions, expert discovery and alternative dispute resolution.

Furthermore, the parties have agreed to participate in mediation once the outstanding records are received.  Each party will likely retain several experts and the parties are making a good faith effort to resolve the claims at mediation without incurring significant expenses of conducting Fed. R. Civ. P. 35 examinations and expenses for the experts' time for numerous depositions.  Regardless of mediation, the parties will be unable to comply with the Court's order regarding expert dislcosures, which cannot be completed prior to the September 27, 2021 deadline.  It follows that the parties will also be unable to complete discovery associated with the experts opinions or conduct party depositions, Fed. R. Civ. P. 35 examinations and expert depositions, in compliance with the current case schedule's discovery deadline of November 26, 2021.

## III.    EVIDENCE RELIED UPON

This motion relies upon the pleadings and other filings of record.

//

//

//

STIPULATED MOTION TO CONTINUE TRIAL DATE AND
AMEND THE CASE SCHEDULE
(CAUSE NO. 3:21-CV-05038-MJP)- Page 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## IV.   POINTS AND AUTHORITY

The decision to grant or deny a requested continuance lies with the broad discretion of the district court, and will not be disturbed on appeal absent a clear abuse of discretion.[2]  The relevant factors for appellate review of an order denying a motion for continuance are: (1) diligent efforts by party(ies) requesting continuance; (2) usefulness of the continuance requested; (3) inconvenience of continuance to other party(ies); and (4) prejudice to requesting party caused by denial of the requested continuance.[3]  Here, all the relevant factors weigh in favor of granting the requested continuance.

First, both Plaintiffs and Defendant have been diligent in their efforts to complete discovery in this matter.  Stipulations authorizing collection of medical and employment records were exectued on February 17, 2021 and were processed shortly thereafter.  At this time, the parties are waiting on the record retrieval company as well as the individual facilities, who are extremely backlogged, to obtain the necessary employment and medical records.  Second, the short continuance requested is necesasry as the deadline to provide expert opinions is September 27 and the parties have yet to receive all meaningful records that would allow an expert to render a complete opinion.  The parties simply need more time to allow their experts to exchange information prior to engaging in additional discovery, which cannot occur unless there is a short continuance.  A resolution of this case is dependent upon the receipt of complete medical and employment records and the parties require additional time to obtain the records prior to engaging in depositions, mediation and a potential Fed. R. Civ. P. 35 examination should

---

[2] *United States v. Flynt,* 756 F.2d 1352, 1358, *amended,* 764 F.2d 675 (9th Cir. 1985).
[3] *Flynt,* 756 F.2d 1359-62.

STIPULATED MOTION TO CONTINUE TRIAL DATE AND
AMEND THE CASE SCHEDULE
(CAUSE NO. 3:21-CV-05038-MJP)- Page 4

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

mediation be unsuccessful.  Third, there is no inconvenience to the parties as they have stipulated to such continuance.  Finally,  the parties would be severely prejudiced if they were not able to provide their respective experts all the essential information to formulate their opinions and conduct a potential Fed. R. Civ. P. 35 examination.

This is the first request for a continuance in this case.  The parties present this request jointly after conferring in good faith to find a date and specified continuance length.  In order to alleviate these problems, the parties have stipulated to a continuance of the trial date in this matter.  The parties have conferred in good faith to find a reasonable amount of time in which to complete necessary discovery and to prepare their respective cases for trial while being mindful of seeking resolution.  The parties respectfully request that trial begin on or about August 1, 2022, pending the Court's availability, and that the dates and deadlines conform to that requested date.  Counsel for the parties certify that the parties that they represent have been advised of this motion to continue the trial date and associated dates and deadlines, and the bases for this motion. The clients of undersigned counsels agree with this motion and its bases.

Therefore, the parties stipulate to a continue the trial date and corresponding case schedule deadlines for approximately three months. The new proposed deadlines are set forth below:

| | |
|---|---|
| **JURY TRIAL** | **AUGUST 1, 2022** |
| Length of Trial | 8-10 days |
| Expert Witness Disclosure/Reports Under FRCP 26(a)(2) Due | December 27, 2021 |
| All motions related to discovery must be filed and noted on the motion calendar on the third Friday before discovery closes pursuant to CR 7(d) | January 27, 2021 |

STIPULATED MOTION TO CONTINUE TRIAL DATE AND
AMEND THE CASE SCHEDULE
(CAUSE NO. 3:21-CV-05038-MJP)- Page 5

| | |
|---|---|
| Deadline to Complete Discovery | February 28, 2022 |
| All dispositive motions and motions challenging expert witness testimony must be filed by | March 25, 2022 |
| All motions *in limine* must be filed by | June 21, 2022 |
| Agreed Pretrial Order due | July 18, 2022 |
| Pretrial Conference | Set by the Court |
| Trial Briefs, proposed jury instructions, proposed voir dire, agreed neutral statement of the case, deposition designations, and trial exhibits due | July 18, 2022 |

## V.   <u>CONCLUSION</u>

The parties agree that additional discovery must be conduted and the discovery completion date on the current case schedule cannot accommodate such discovery.  In attempt to allieviate any delay, the parties have agreed to participate in mediation once all records are received.  No previous continuances have been granted and the parties willl be prejudiced if the current case is not continued.  Good cause exists to continue the trial by approxmiately three months as indicated above.  Therefore, the parties respectfully request that their motion for a trial continuance be granted and that the Clerk be directed to enter an Amended Minute Order Settting Pretrial Deadlines in accordance with the continued trial date, as determined by this Court.

DATED this 23rd day of September, 2021 in Seattle, Washington.

HOLT WOODS & SCISCIANI LLP                RODGERS KEE CARD & STROPHY, P.S.

By *s/Kelsey L. Shewbert*
By *s/Kaytlin L. Carlson*
Kelsey L. Shewbert, WSBA No. 51214
Kaytlin L. Carlson, WSBA No. 52606
Attorney for Defendant

By *s/C. Scott Kee*
C. Scott Kee, WSBA No. 28173
Attorney for Plaintiffs

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**ORDER**

Based upon the foregoing stipulated motion, the Court finds good cause to extend the trial date and case deadlines given the Parties' discovery efforts and the delays they have identified notwithstanding their diligence. But the Court rejects the Parties' desire to mediate as a valid basis to extend any of the case deadlines. The Parties are free to mediate, but this non-mandatory decision will not serve as a basis to impact the Court's case deadlines.

IT IS HEREBY ORDERED that the trial date and corresponding deadlines are reset as follows:

- Deadline for Fed. R. Civ. P. 26(a)(2) Disclosures: **December 27, 2021**
- All motions related to discovery must be filed and noted on the motion calendar on the third Friday before discovery: **January 27, 2022**
- Discovery Completed By: **February 28, 2022**
- Deadline for filing dispositive motions and motions challenging expert witness testimony: **March 25, 2022**
- All motions *in limine* must be filed by: **June 21, 2022**
- Agreed Pretrial Orders due: **July 18, 2022**
- Pretrial Conference: **July 21, 2022 at 1:30 PM**
- Trial briefs, proposed jury instructions, proposed voir dire, agreed neutral statement of the case, deposition designations and trial exhibits due: **July 18, 2022**
- Trial shall commence on **August 1, 2022 at 9:00 AM.**

DATED this 24th day of September, 2021.

Marsha J. Pechman
United States Senior District Judge

STIPULATED MOTION TO CONTINUE TRIAL DATE AND
AMEND THE CASE SCHEDULE
(CAUSE NO. 3:21-CV-05038-MJP)- Page 7

**HOLT WOODS & SCISCIANI LLP**
701 PIKE STREET, SUITE 2200
SEATTLE, WA 98101
P: (206) 262-1200  F: (206) 223-4065